FRANK LOFARO, Plaintiff, v. BEE CAB CORPORATION et al., Defendants.

Supreme Court, Special Term, Kings County, September 1, 1943.

*Herbert S. Siegal* for plaintiff.

*John J. O'Connor* for defendants.

KADIEN, J. In this action to recover damages for personal injuries sustained as the result of the alleged negligence of the defendants in the operation of their respective motor vehicles, plaintiff seeks an order striking out the affirmative defense contained in paragraph "Fourth" of the answer upon the ground that it is insufficient in law. The defendant contends that this defense, which alleges " That at the time of the occurrence

mentioned in the complaint, the defendant was in good faith carrying out, complying with, or attempting to comply with, the rules, regulations and orders issued by the Federal, State, Military, and Civil Authorities relating to civilian protection, more particularly those rules, regulations and orders governing the amount, extent and nature of illumination and lighting in connection with the operation of motor vehicles, and that by reason of the aforesaid the defendant is immune from liability under Section 40 of the New York State War Emergency Act of 1942 ", is necessary in view of the general allegation contained in the complaint that the defendant violated the ordinances and laws of the City and State of New York. I am in accord with the contention of the plaintiff to the effect that section 40 of the New York State War Emergency Act of 1942 (L. 1942, ch. 544) does not provide a blanket immunity from liability to all motorists using the public highways at nighttime. Ordinarily, statutes and ordinances relating to speed and rules of the road are not matters of defense to be affirmatively pleaded in actions for negligence. I am, therefore, of the opinion that the pleading of this section is no different from the pleading of any other statute relating to speed and rules of the road. The affirmative defense, therefore, is insufficient in law and should be stricken.

Settle order on notice.